UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RAYFORD,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,[1]<br><br>    Defendant. | Case No. 13-cv-05839-JCS<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 26 |

## I. INTRODUCTION

James Rayford initiated this action to seek review of the final decision by the Commissioner of the Social Security Administration ("the Commissioner") denying his Application for disability insurance and Supplemental Security Income ("SSI") benefits under the Social Security Act ("SSA"). On November 1, 2015, the Court reversed the Commissioner's decision and remanded for additional administrative proceedings. *See* Dkt. 21. On remand, the Commissioner granted Plaintiff's application for benefits, entitling him to receive $72,566.00 in retroactive benefits under Title II.[2] *See* Ex. A. Plaintiff's counsel, Tony Arjo, who represented Plaintiff in this matter under a contingency fee agreement, now brings a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (the "Motion"), seeking an award of $17,500.00 in attorneys' fees for work before this Court. The parties have consented to the jurisdiction of a United States

---

[1] Nancy Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is therefore substituted for Carolyn W. Colvin as the Defendant in this action. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d). This Order refers to Berryhill as the "Commissioner."

[2] Plaintiff's counsel attached one page of the Commissioner's award letter in support of the Motion. Ex. A. In this portion of Plaintiff's award letter, the Commissioner "withheld $18,141.50 from [Rayford's] past due benefits," because the Social Security Administration "usually withhold[s] 25 percent of past due benefits in order to pay the approved representative's fee," indicating a total award value of $72,566.00. *See* Ex. A.

Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Motion is GRANTED.

## II. BACKGROUND

On December 12, 2013, Plaintiff entered into a contingency-based fee agreement with Tony Arjo ("Fee Agreement"), appointing Mr. Arjo as his attorney in connection with his claim for social security disability benefits. Ex. B. The Fee Agreement provides Plaintiff's Attorney with 25% of any past due benefits awarded to Plaintiff, as well as assigning to Mr. Arjo any fees awarded under the Equal Access to Justice Act ("EAJA"), noting that the EAJA does not come out of past due benefits and can be paid directly to Mr. Arjo. *Id.* ¶ 2. On June 10, 2015, this Court put into effect a stipulation ordering the Defendant to pay $4300.00 in attorneys' fees under the EAJA. Dkt. 25. However, prior to the Commissioner's distribution of this EAJA award, the U.S. Department of the Treasury reduced the EAJA award by its full amount to apply the funds to offset Plaintiff's child support debts. Ex. D; Mot. at 4. Following this Court's reversal and remand of the Commissioner's previous decision to deny benefits to Plaintiff, "an Administrative Law Judge issued a favorable decision on Mr. Rayford's claim on November 7, 2016." Mot. at 2. The Social Security Administration subsequently notified Plaintiff it was withholding $18,141.50, which is 25% of the total past due benefits to Plaintiff, pending the determination of attorneys' fees. Ex. A.

In the present Motion, Plaintiff's counsel asks the Court to direct the Social Security Commissioner to certify the fee of $17,500 for legal fees incurred in this Court. Plaintiff's counsel contends this fee is reasonable because it amounts to less than both the statutory limit and agreed upon amount of 25% of past-due benefits. Mot. at 3–4; 42 U.S.C. § 406(b). Plaintiff's counsel also claims that his time spent on the case; the award of past-due benefits, ongoing SSI and Title II benefits, and Medicare medical insurance; and the risk posed by previous administrative denials in conjunction with the contingency-based Fee Arrangement demonstrate the reasonableness of this fee amount. According to Plaintiff's counsel, he expended 23.6 hours before the District Court. Ex. C (time log).

In response to the Motion, the Commissioner filed a Statement wherein it analyzed the

current Motion as a non-party 42 U.S.C. § 406(b) ("Commissioner's Statement"). Dkt. 27. While the Commissioner "takes no position on the reasonableness of [Plaintiff's Counsel's] request," the Commissioner notes that "[t]he effective hourly rate sought by Counsel is $741.53," and "[i]t is for the Court to determine whether the hourly rate requested by Counsel is reasonable." Commissioner's Statement at 4 n.2. In determining the reasonableness of this rate, "the Court may consider the effective hourly rates resulting from awards in other cases." *Id.* (citing *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036–37 (N.D. Cal. 2003)). However, the Commissioner emphasizes that "a district court should not merely make a lodestar calculation but rather should credit and consider the contingent-fee agreement and perform a reasonableness test mandated by *Gisbrecht*." *Id.* (citing *Crawford v. Astrue*, 586 F.3d 1142, 1149–50 (9th Cir. 2009) (en banc)) (referencing *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002)). In its analysis, "district courts 'may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." Commissioner's Statement at 3 (quoting *Crawford*, 586 F.3d at 1151). The Commissioner additionally contends that the prior EAJA award of $4300 should have no bearing on the attorneys' fees awarded in response to this Motion, because "it appears that the previously awarded EAJA fees were entirely offset by Plaintiff's prior debts," indicating that there are "no EAJA fees to refund should this Court award 406(b) fees." *Id.* at 4.

Counsel served the Motion on Plaintiff by mailing it to him on February 24, 2017. Mot. at 6. Plaintiff has not appeared or filed any objection to the Motion.

### III. ANALYSIS

The scheme established by Congress for attorney fee awards in cases involving social security claims is described by the Supreme Court as follows:

> Fees for representation of individuals claiming Social Security old-age, survivor, or disability benefits, both at the administrative level and in court, are governed by prescriptions Congress originated in 1965. Social Security Amendments of 1965, 79 Stat. 403, as amended, 42 U.S.C. § 406. . . . The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court. *See also* 20 CFR § 404.1728(a) (2001).

*Gisbrecht*, 535 U.S. at 793–94. Subsection 406(b) provides, in relevant part, that "[w]henever a

court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b).

Under *Gisbrecht*, courts should "approach fee determinations [under § 406(b)] by looking first to the contingent-fee agreement, then testing it for reasonableness," and may reduce the recovery "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. The Ninth Circuit has applied *Gisbrecht* to mean that "court[s] may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht* 535 U.S. at 808). In this analysis, courts "generally have been deferential to the terms of the contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non contingency-fee arrangements," noting that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss." *Hearn*, 262 F. Supp. 2d at 1037. Further, the Ninth Circuit has held that the 25% cap applies only to fees awarded under 42 U.S.C. § (b) and does not apply to the *total* fees awarded under subsections (a) and (b) combined, which may exceed 25% of the award of benefits. *Clark v. Astrue*, 529 F.3d 1211, 1218 (9th Cir. 2008).

In addition to the fees permitted under § 406(a) and (b), the Equal Access to Justice Act ("EAJA"), enacted in 1980, allows a party who prevails against the United States in court, including a successful Social Security benefits claimant, to receive an award of fees payable by the United States if the Government's position in the litigation was not "substantially justified." *Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. § 2412(d)(1)(A)). In contrast to fees awarded under § 406(b), EAJA fees are based on the "time expended" and the attorney's "[hourly] rate." 28 U.S.C. § 2412(d)(1)(B). In *Gisbrecht*, the Supreme Court explained that "Congress harmonized

4

fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.'" 535 U.S. at 796 (citing Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 186 (1985)). Accordingly, "an EAJA award offsets an award under [42 U.S.C. § 406(b)]," increasing "up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796.

Here, Plaintiff's counsel seeks an award of $17,500.00 in fees, which amounts to 24.1% of the past-due benefits amount—slightly less than the 25% statutory limit that was also contractually agreed upon by Plaintiff and Mr. Arjo in their Fee Agreement. *See* 42 U.S.C. § 406(b); Ex. B. Additionally, while the sought hourly rate of $741.53 is substantially higher than the hourly rate of $182.20 stipulated to for the EAJA award,[3] as discussed above, courts "generally have been deferential to the terms of the contingency fee contracts in § 406(b) cases." *Hearn*, 262 F. Supp. at 1037 (N.D. Cal. 2003); *see* dkt. 25. In light of this general deference to the terms of reasonable contingency fee arrangements, the prompt and effective legal assistance provided by Plaintiff's counsel, and the risk associated with litigation in light of the multiple prior administrative denials, the Court finds this award to be reasonable. The Court finds no basis for reducing this fee, as there was no evidence of "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *See Crawford*, 586 F.3d at 1149. Accordingly, the Court concludes Plaintiff's counsel is entitled to the $17,500.00 in fees sought in the Motion. *See id.* at 1152.

With respect to the issue of whether Plaintiff's counsel must refund the EAJA award of $4300 to Plaintiff, the Court agrees with Plaintiff's counsel and the Commissioner that there is no basis to require Plaintiff's counsel to refund these EAJA fees. Due to the complete reduction of this EAJA award by the U.S. Department of Treasury to offset Plaintiff's outstanding debts, Plaintiff's counsel never received any of this EAJA award. Further, given the EAJA's purpose to offset awards made under 42 U.S.C. § 406(b), Plaintiff has already received this benefit in the form of satisfaction of personal debts. *Gisbrecht*, 535 U.S. at 796. Accordingly, the Court finds

---

[3] The final EAJA award amounted to $4300 in attorney's fees, which equals $182.20 per hour in relation to the 23.6 hours Mr. Arjo has logged before this Court. *See* Ex. C.

no basis to require refunding EAJA awards from the § 406(b) attorney's fees.

**IV.  CONCLUSION**

For the reasons stated above, the Motion is GRANTED.  The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $17,500.00, payable to the Law Office of Tony Arjo.  Because the EAJA Award was reduced in its entirety by the U.S. Department of the Treasury to satisfy Plaintiff's prior debts, Plaintiff's counsel is not required to refund the EAJA fees to Plaintiff following the Commissioner's distribution of attorneys' fees to Plaintiff's counsel.

**IT IS SO ORDERED.**

Dated:  May 31, 2017

_____
JOSEPH C. SPERO
United States Magistrate Judge